UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BAUER,

    Plaintiff,                                  CIVIL ACTION NO. 06-13752

    v.                                        DISTRICT JUDGE ARTHUR J. TARNOW

                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion for Summary Judgment should be GRANTED, and that of Plaintiff DENIED, as there was substantial evidence on the record supporting the Commissioner's decision to terminate childhood disability benefits.

\*   \*   \*

     Claimant is a adult female who is now twenty years old. The Social Security Administration (SSA) originally awarded her childhood disability benefits in September 1992, when she was five years old, based on a learning disorder. Her medical eligibility was subsequently reviewed by the SSA and found to have ceased effective May 1, 1999, as a result of medical improvement (TR 335-330). The cessation of benefits was affirmed upon reconsideration by the SSA. A requested <u>de novo</u> hearing was held on August 1, 2000, before Administrative Law Judge (ALJ) William Musseman. Claimant and her mother appeared at the hearing, but only the mother testified. In a decision dated September 19, 2000, ALJ Musseman determined that the claimant was not entitled to childhood disability

benefits after May 1999, because her mental deficiencies no longer resulted in marked and severe functional limitations (TR 31-39). The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the termination of benefits[1]. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's termination of childhood disability benefits after May 1999, was supported by substantial evidence on the record.

Jennifer was 12 years old when childhood disability benefits were terminated in May 1999 (TR 474). Claimant's mother recalled that her daughter was in the sixth grade when benefits ended (TR 474). Jennifer was attending both regular and special education classes at the time of cessation (TR 475). She allegedly had difficulty in timely completing her homework assignments due to concentration problems (TR 477, 479). Plaintiff helped with household chores, including vacuuming and dishwashing, and she enjoyed watching television and riding her bicycle (TR 477-479). Claimant's mother added that concentration problems prevented her daughter from reading for longer than 10 minutes at a time (TR 479). The mother acknowledged that Jennifer's ability to concentrate improved as she got older, but she believed that her daughter remained a long way from having normal abilities (TR 481).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C.

---

[1] The Appeals Council initially denied review of the ALJ's decision in August 2001, but set aside their action in order to consider additional information provided by the claimant. After considering the additional information, a Notice of Appeals Council Action was issued on July 12, 2006, again finding no basis to review the ALJ's determination (TR 6-8).

§ 1382(a)(3)(C)(I).  To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1.  A child will be found "not disabled" if she engages in substantial gainful activity.
>
> 2.  A child will be found "not disabled" if she does not have a severe impairment or combination of impairments.
>
> 3.  A child will be found "disabled" if she has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

> 1.  Acquiring and using information;
>
> 2.  Attending and completing tasks;
>
> 3.  Interacting and relating with others;
>
> 4.  Moving about and manipulating objects;
>
> 5.  Caring for yourself; and
>
> 6.  Health and physical well being.
>
> 20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[2] the impairment functionally equals the listing and the child will be found disabled.  20 C.F.R. 416.926a(d).

---

[2] A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

3

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that she was indeed impaired as a result of borderline intellectual functioning and a learning disorder, but that these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting her motor, communicative, social or personal development.  Consequently, the ALJ determined that childhood SSI benefits had been properly terminated, effective May 1, 1999, based on medical improvement.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo,  resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's finding that she did not meet or medically equal a listed impairment. Nor does the claimant challenge the ALJ's finding that she had less than marked limitations in four of the six areas of functioning[3]. Plaintiff instead contends that she had a marked limitation in the area of concentration, persistence or pace (Plaintiff's Brief at p.6-11). Claimant maintained that because she suffers from an a marked limitation in concentration, persistence and pace affecting her ability to attend and complete tasks (domain #2), she has satisfied the standard for functional equivalence.

Contrary to Plaintiff's assertion, substantial evidence existed on the record supporting the Law Judge's decision terminating childhood disability benefits due to a medical improvement. Although the claimant was placed entirely in special education classes when she first enrolled in school, her mother testified that she was attending some regular classes by the time she entered the sixth grade (TR 475). School records indicated that Plaintiff showed improvement and demonstrated satisfactory progress in the general

---

[3]The ALJ concluded that Plaintiff had a marked limitation in her cognitive/communicative functioning (domain #3), but had less than marked limitations in the five other critical child domains (TR 37).

**5**

curriculum, although she still needed some "adaptations" (TR 444-450). Clara Klonoski, one of claimant's teachers, reported that Jennifer did well in a structured setting. When asked about claimant's attention span and ability to concentrate, Ms. Klonoski answered that Jennifer's school work was good as long as she was monitored by her teachers (TR 400). Beth Trevithick, another special education teacher, reported that Jennifer functioned at a educational level just a grade and a half below her peers (TR 451). Given these assessments, Plaintiff's educational background supports the ALJ's conclusion that she had less than marked limitations in her ability to concentrate, persist or pace as of May 1999.

The medical record also supports the ALJ's determination that claimant's mental deficiencies were not functionally equivalent in severity to a listed impairment. Examining psychologist, Dr. Sydelle Katzer. Ph.D., reported in April 1999, that Jennifer displayed good motivation and attempted all tasks that were presented (TR 405). Significantly, Dr. Katzer did not observe any marked limitation in claimant's ability to concentrate (TR 401-406). Moreover, two state agency psychiatrists who reviewed the medical evidence both concluded that there was no evidence that the claimant was limited in the area of concentration, persistence or pace[4] (TR 409, 414).

Plaintiff's daily activities during the relevant period also belied her contention that she suffered from a marked limitation in the area of concentration, persistence, or pace. For example, the claimant was able to vacuum, put dishes in the dishwasher, care for her pets, set the table for dinner, fix her own lunch and help babysit her nephew (TR 329, 345,

---

[4]Dr. Joseph indicated that Plaintiff's impairment was of a listing level severity, but it was not expected to remain at that level for twelve months (TR 412).

384, 452, 478). Contrary to testimony at the administrative hearing that Jennifer could read for just ten minutes (TR 479), Ms. Bauer told the SSA in February 1999, that her daughter was able to read a book for up to an hour at a time (TR 382).  In addition, the claimant reportedly enjoyed working with puzzles, riding her bicycle and shopping for candy (TR 382, 385, 479).  Jennifer also sang in the school choir (TR 329, 379). These hobbies and recreational activities demonstrate that Plaintiff's limitations in concentration, persistence or pace were less than marked by May 1999.

In sum, the Commissioner's decision to terminate childhood SSI benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

7

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: February 16, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 16, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 16, 2007. **None.**

s/Michael E. Lang<br>Deputy Clerk to<br>Magistrate Judge Donald A. Scheer<br>(313) 234-5217